ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JOSÉ J. RONDÓN COTTO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202300653 | *Revisión Administrativa* procedente del Departamento Corrección y Rehabilitación<br><br>Confinado Núm.: T4-37788<br><br>Sobre: Evaluación del Programa Religioso y Hogar Crea |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de marzo de 2024.

Comparece el Sr. José J. Rondón Cotto (en adelante, "Rondón Cotto o recurrente"), mediante el recurso de revisión y nos solicita que revisemos la *Respuesta de la Planilla de Información Necesaria para Evaluar candidatos para el Programa Prog. Religiosos y Hogar CREA,* emitida el 23 de octubre de 2023,[1] por la *División de Programas de Desvío y Comunitarios del Departamento de Corrección y Rehabilitación* (en adelante, "DCR").[2] Allí, se le denegó la participación del recurrente a los programas de desvío religiosos y de Hogar CREA.

Por los fundamentos que expresamos a continuación, **confirmamos** la determinación recurrida.

**-I-**

Surge del expediente ante nuestra consideración que el señor Rondón Cotto fue sentenciado el **9 de marzo de 2017**, a cumplir

---

[1] Notificada el **8 de diciembre de 2023**.
[2] Anejo I & II del recurrente, págs. 1 – 2.

Número Identificador
SEN2024_____

una pena de 25 años de reclusión por dos (2) cargos de Agresión Sexual, en la Institución Correccional Bayamón 501 del DCR. El recurrente cumplirá el **mínimo** de la sentencia el 17 de noviembre de 2034, y **extinguirá** la misma el 17 de febrero de 2041.

El **3 de abril de 2023**, el señor Rondón Cotto fue entrevistado por el técnico sociopenal, Derek Vázquez (en adelante, "señor Vázquez"), el cual, emitió el *Informe Para Evaluación Del Plan Institucional* y recomendó que el recurrente fuera referido al *Programa de Desvío*.[3]

Mediante *Respuesta de la Planilla de Información necesaria para evaluar candidatos para el programa – Prog. Religiosos y Hogar CREA* ("Determinación") emitida el **23 de octubre de 2023**,[4] el DCR denegó la participación del señor Rondón Cotto en los referidos programas.[5] Determinó, en lo pertinente, que:

> *No cumple con criterios de elegibilidad.*
>
> *Según lo dispuesto en el Reglamento del programa Integral de Reinserción Comunitaria #9488 del 9 de agosto de 2023 en el Art. VII (Criterios Generales de Elegibilidad) Inciso (1a) y (2a).*
>
> *El confinado no amerita tratamiento para el uso y abuso de sustancias controladas o alcohol. **Recibió tratamiento y completó las terapias de patrones adictivos a nivel institucional para la fecha del 2 de octubre de 2019.***
>
> ***Del expediente administrativo se evidencia que el confinado ha expresado no utilizar sustancias controladas, ni alcohol****.*[6]

No conforme con la denegatoria, el señor Rondón Cotto recurrió el **18 de diciembre de 2023** ante este Foro apelativo. Mediante el recurso de revisión epígrafe, señaló la comisión del siguiente error:

> *El recurrente plantea que err[ó] el Departamento de [C]orreci[ó]n y [R]ehabilitación al [d]enegar evaluarlo para [los] programa[s] religioso[s] y [H]ogar [CREA] al aplicarle el criterio de elegibilidad espec[í]fico del Art. VII el inciso 1A y 2A del [R]eglamento del [P]rograma [I]ntegral de [R]einserci[ó]n comunitaria del 9 de [a]gosto de 2023 que establece que el*

---

[3] Anejo I de la *Moción en Cumplimiento de Resolución*, a las págs. 4 – 6.
[4] La determinación fue emitida por la *Sra. Selma Ríos Calderón*, quien funge como Coordinadora de los Programas de Desvíos. *Véase;* Anejo I del recurrente, pág. 1.
[5] Notificada el **8 de diciembre de 2023**.; Anejo I del recurrente, pág. 1.
[6] *Id. Énfasis nuestro.*

*candidato deber[á] tener historial previo de uso y abuso de sustancia controlada o [a]lcohol para negarse a evaluarlo para los programa[s] religioso y hogar [CREA] basado en que no amerita tratamiento y complet[ó] terapias de patrones adictivo a nivel institucional y que del expediente administrativo se evidencia que el recurrente ha expresado no utilizar sustancia controladas, ni alcohol y determinar que no cumple con criterio de elegibilidad.[sic].*

Luego de varios trámites procesales, el DCR compareció ante nos el **22 de enero de 2024**.

**-II-**

**-A-**

Es norma reiterada en nuestro ordenamiento que los tribunales apelativos han de conceder gran deferencia a las decisiones de los organismos administrativos, por razón de la experiencia y pericia de las agencias respecto a las facultades que se les ha delegado.[7] Nuestro Tribunal Supremo estableció que las decisiones de las agencias administrativas gozan de una presunción de regularidad y corrección.[8] Por esto, es necesario que quien desee impugnar dichas decisiones presente evidencia suficiente para derrotar la presunción de validez de la que gozan las mismas y no descanse en meras alegaciones.[9]

Conforme lo ha interpretado nuestro más Alto Foro, la revisión judicial de este tipo de decisiones se debe limitar a determinar si la actuación de la agencia fue arbitraria, ilegal, caprichosa o tan irrazonable que constituyó un abuso de discreción.[10]

**-B-**

La reincorporación de la población correccional a la sociedad es uno de los objetivos que busca cumplir el DCR, es por ello que bajo el *Plan de Reorganización del Departamento de Corrección y*

---

[7] *Batista, Nobbe v. Jta. Directores,* 185 DPR 206, 215 (2012).
[8] *González Segarra et al. v. CFSE,* 188 DPR 252, 276 (2013).
[9] *Pacheco v. Estancias,* 160 DPR 409, 431 (2003).
[10] *Mun. de San Juan v. CRIM,* 178 DPR 163, 175 (2010).

*Rehabilitación de 2011* ("Plan"),[11] se le asignó el deber de establecer los procesos de rehabilitación moral y social, con el fin de cumplir con dicho objetivo.[12] Dicho *Plan* le confiere la facultad a la agencia para crear los programas de tratamientos y rehabilitación adecuados para la población correccional.[13] Cónsono con dicha facultad, el DCR promulgó el *Reglamento Del Programa Integral De Reinserción Comunitaria* ("Reglamento Núm. 9488").[14] *"Mediante este Reglamento, se establece la operación, la administración, los criterios, las condiciones y los procesos de los Programas de Desvío del DCR"*.[15]

Establece el Reglamento Núm. 9488 en su Artículo VII los *Criterios de Elegibilidad Específicos* para poder ser partícipe de los diferentes programas de rehabilitación.[16] En lo pertinente, el inciso 1 del Art. VII dispone sobre los requisitos para los *Programas Comunitarios de Base Religiosa y de Fe*, estos son:

> *a. El candidato **deberá tener un historial previo** de uso y abuso de sustancias controladas o alcohol.*
> *b. Deberá mostrar y verbalizar voluntariedad e interés en beneficiarse del programa de tratamiento, poseer disposición de ser integrado al tratamiento interno, y estar comprometido con cumplir con las normas impuestas por el Departamento y por el Centro de Tratamiento.*
> *c. Deberá tener un estado de salud físico que le permita asumir todas las responsabilidades necesarias para el cumplimiento de su proceso rehabilitativo.*[17]

Por su parte, el inciso 2 del Art. VII dispone los requisitos para los *Programas Comunitarios Seculares*, a saber:

> *a. El candidato **deberá tener historial previo** de uso o abuso de sustancias controladas o alcohol.*
> *b. Deberá verbalizar voluntariedad e interés en beneficiarse del programa, tener disposición de ser integrado a recibir tratamiento interno y cumplir con las normas impuestas por el Departamento y el Centro de Tratamiento.*

---

[11] Plan de Reorganización Núm. 2 del 21 de noviembre de 2011, según enmendado, conocido como *Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011*, 3 LPRA Ap. XVIII.
[12] 3 LPRA Ap. XVIII, Art.2.
[13] 3 LPRA Ap. XVIII, Art.7.
[14] *Reglamento Del Programa Integral De Reinserción Comunitaria*, Reglamento Núm. 9488 del Departamento de Corrección y Rehabilitación, 9 de agosto de 2023.
[15] *Id.*, Art. II, a la pág. 2.
[16] *Id.*, Art. VII, a las págs. 12 – 13.
[17] *Id. Énfasis nuestro.*

*c. Deberá tener un estado de salud físico que le permita asumir todas las responsabilidades necesarias para el cumplimiento de su proceso rehabilitativo.*[18]

Es por ello que, para un miembro de la población correccional poder participar de estos beneficios, debe cumplir con los criterios de elegibilidad establecidos, incluyendo el ***tener historial previo de uso o abuso de sustancias controladas o alcohol***.

-III-

En suma, el señor Rondón Cotto plantea que el DCR erró al denegar su evaluación para ser partícipe de los Programas Religiosos y de Hogar CREA, cuando determinó que no cumple con los criterios de elegibilidad. No tiene razón, veamos.

Conforme al derecho antes expuesto, para que un miembro de la población correccional sea evaluado, y pueda participar de los Programas Religiosos y de Hogar CREA **debe** cumplir con unos requisitos específicos, entre ellos; **historial previo de uso o abuso** de **sustancias controladas o alcohol**.

Surge del expediente que el señor Rondón Cotto manifestó no utilizar sustancias controladas hace varios años y negó tener problemas por el uso de drogas o alcohol.[19] Además, el **2 de octubre de 2019** se le otorgó un certificado por haber participado y completado el tratamiento grupal *"Transformando Patrones Adictivos"*.[20] Adicionalmente, del *Informe para la Evaluación del Plan Institucional*, surge que el recurrente no tiene historial de uso y abuso de sustancias controladas o alcohol.

En conclusión, la denegatoria de evaluar al recurrente no fue arbitraria ni caprichosa, sino conforme a las normas aplicables.

---

[18] *Id.*, Art. VII, pág. 13. *Énfasis nuestro.*
[19] El *Informe Final de Ajuste y Progreso* emitido el 15 de diciembre de 2020. *Véase*; Anejo I de la *Moción en Cumplimiento de Resolución*, a la pág. 9.
[20] *Véase*; Anejo I de la *Moción en Cumplimiento de Resolución*, a la pág. 14.

### -IV-

Por los fundamentos antes expuestos, se **confirma** la determinación recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones